**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 97-31306
Summary Calendar

JUDY M. DEBOSE,

Plaintiff-Appellant,

VERSUS

UNITED STATES DEPARTMENT OF THE ARMY; ET AL,

Defendants,

UNITED STATES DEPARTMENT OF THE ARMY, MPW Stone, Secretary,
in his official capacity

Defendant-Appellee

JUDY M. DEBOSE,

Plaintiff-Appellant,

versus

UNITED STATES DEPARTMENT OF THE ARMY, Togo D West, Jr. Secretary,

Defendant-Appellee.

Appeal from the United States District Court
For the Eastern District of Louisiana

(92-CV-2774-E)

July 24, 1998

Before WISDOM, WIENER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Judy M. DeBose, an African-American woman formerly employed by

the New Orleans District of the Army Corps of Engineers, filed a

[*]Under 5TH CIR. R. 47.5, the Court has determined that this
opinion should not be published and is not precedent except in the
limited circumstances set forth in 5TH CIR. R. 47.5.4.

suit against the United States Department of the Army in which she alleged that the defendant subjected her to several forms of unlawful employment discrimination. The magistrate judge entered partial summary judgment for the defendant on the ground that DeBose had failed to raise a genuine issue of material fact with respect to her retaliation and handicap discrimination claims. After conducting a bench trial, the magistrate dismissed DeBose's remaining claims that she was subjected to a hostile work environment and wrongfully discharged on the basis of her race. The district court adopted the magistrate judge's factual findings and legal conclusions. DeBose timely filed a notice of appeal from this final judgment. We affirm.

We review de novo the magistrate judge's grant of partial summary judgment in the Army's favor.[2] We agree with the magistrate judge and the district court; DeBose's handicap discrimination and retaliation claims cannot survive the defendant's motion for summary judgment. DeBose simply did not raise a genuine issue of material fact as to whether the defendant discriminated against her solely on the basis of her alleged physical impairments.[3] Neither did DeBose raise a genuine issue of material fact as to whether the defendant retaliated against her

---

[2] *Armstrong v. City of Dallas*, 997 F.2d 62, 65 (5th Cir. 1993).

[3] See *Leckelt v. Board of Commissioners of Hospital District No. 1*, 909 F.2d 820, 825 (5th Cir. 1990).

for filing a discrimination complaint. We are not persuaded that any adverse employment action she suffered was causally related to her decision to file a discrimination complaint.[4]

We review for clear error the district court's post-trial dismissal of DeBose's wrongful discharge and hostile work environment claims.[5] "A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed."[6] The district court's findings are not clearly erroneous. The record amply supports both the magistrate judge's and the district court's conclusion that any employment action directed to DeBose by the defendant was not motivated by racial animus. The defendant articulated a legitimate, nondiscriminatory reason for taking the challenged employment action.[7]

AFFIRMED.

---

[4] See *Mattern v. Eastman Kodak Co.*, 104 F.3d 702, 705 (5th Cir. 1997).

[5] *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1044 (n. 1) (5th Cir. 1998).

[6] *EEOC v. Clear Lake Dodge*, 60 F.3d 1146, 1151 (5th Cir. 1995).

[7] See *Grimes v. Texas Dep't of Mental Health and Mental Retardation*, 102 F.3d 137, 140 (5th Cir. 1996).